THE PEOPLE OF THE STATE OF NEW YORK ex rel. BARCALO MANUFACTURING COMPANY, Appellant, *v.* WALTER H. KNAPP and Others, as and Constituting the STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. AMERICAN BROOM AND BRUSH COMPANY, Appellant, *v.* WALTER H. KNAPP and Others, as and Constituting the STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondents.

Third Department, April 8, 1919.

Tax — franchise tax on manufacturing and mercantile corporations — basis of tax — " entire net income " as returned to United States Treasury Department — not affected by deductions or credits allowed under Federal act — unequal or double taxation — presumption as to " entire net income."

Under chapter 726 of the Laws of 1917, as amended by chapter 276 of the Laws of 1918, manufacturing and mercantile corporations are subject to a franchise tax of three per cent upon the " entire net income " for the fiscal or calendar year involved " as returned to the United States Treasury Department subject to any correction thereof for fraud, evasion or errors ascertained by the State Tax Commission," without any deduction for so-called excess profits taxes or income taxes paid to the Federal government during the year in question.

What is income for the year prior to the levying of the tax is a matter to be determined by the State Tax Commission and is not affected by what the Federal government allows in the way of taxes or credits in fixing the amount of the tax which the corporation is to pay to the Treasury of the United States.

The " errors " in the " entire net income " for which the State Tax Commission is authorized to make corrections do not refer to errors of law through a failure of the State Legislature to adjust itself to the credits and exemptions of the Federal act. The errors are those referred to in subdivision 2 of section 211 of the Tax Law, as amended.

The assessment of such a State franchise tax does not constitute a double franchise tax, though the National government makes use of the same foundation in levying an income tax.

Under section 209 of the Tax Law there is a presumption that the " entire net income " returned by the corporation to the United States Treasury Department is the real net income.

IN the first instance, certiorari issued out of the Supreme Court and attested on the 28th day of December, 1918, directed

to Walter H. Knapp and others, as and constituting the State Tax Commission of the State of New York, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in assessing taxes against the relator, Barcalo Manufacturing Company, under the provisions of chapter 726 of the Laws of 1917.

In the second instance, certiorari issued out of the Supreme Court and attested on the 25th day of February, 1919, directed to Walter H. Knapp and others, as and constituting the State Tax Commission of the State of New York, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in assessing taxes against the relator, American Broom and Brush Company, under the provisions of chapter 726 of the Laws of 1917.

*Elon R. Brown* and *Edward H. Letchworth* for the relators, appellants.

*Charles D. Newton, Attorney-General* [*C. T. Dawes, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

The questions involved in this review relate to the construction of chapter 726 of the Laws of 1917 (adding to Tax Law [Consol. Laws, chap. 60; Laws of 1909, chap. 62], art. 9-a), in effect June fourth of that year, and especially section 209 of the Tax Law, as added by that act. By the provisions of chapter 276 of the Laws of 1918, sections 209, 211, 214 and 219-d of the Tax Law, as added in 1917, were amended, and it was provided in section 5 of the amending act that " the sections of such chapter amended by this act shall be construed as having been in effect, as so amended, as of the date of the original enactment of article nine-a of the Tax Law, as added by chapter seven hundred and twenty-six of the laws of nineteen hundred and seventeen," so that, except as it may bear upon the proper construction of the law, there is no occasion for considering the provisions of the original sections for which substitutions have been made.

The act of 1917 inaugurated a new policy in the taxation

of corporations engaged in merchandizing and manufacturing, or, more accurately speaking, it put these corporations under the provisions of a franchise tax in lieu of taxes of personal property, etc., and in this regard took them out of the jurisdiction of local assessors. It was a move looking to the simplification of the tax system; of plucking the maximum of feathers with the minimum of noise from the goose, to borrow the expression of an ancient political philosopher, and it is to be construed from the standpoint of its policy and purpose. Section 209 of the Tax Law, as it now stands, and as it stood at the time the assessments here under consideration were made, provides: " For the privilege of exercising its franchise in this State in a corporate or organized capacity every domestic manufacturing and every domestic mercantile corporation * * * shall annually pay in advance for the year beginning November first next preceding an annual franchise tax, to be computed by the Tax Commission upon the basis of its net income for its fiscal or the calendar year next preceding, as hereinafter provided, which income is presumably the same as the income upon which such corporation is required to pay a tax to the United States."

Section 211 of the Tax Law provided that " every corporation taxable under this article," should make an annual report on or before the first day of July in each year to the Tax Commission, giving the name and location of the principal place of business of such corporation, the State under the laws of which organized, and the date thereof; the kind of business transacted, and (Subd. 2) " the amount of its net income for its preceding fiscal or the preceding calendar year as shown in the last return of annual net income made by it to the United States Treasury Department, and if the corporation shall claim that such return is inaccurate, the amount claimed by it to be the net income for such period."

Having thus provided for ascertaining the amount of net ncome upon which the corporation was called upon to pay taxes to the United States, section 214 provides that " if the entire business of the corporation be transacted within the State, the tax imposed by this article shall be based upon the entire net income of such corporation for such fiscal or calendar year as returned to the United States Treasury Department,

subject to any correction thereof for fraud, evasion or errors, ascertained by the State Tax Commission." (See, also, Laws of 1918, chap. 417, amdg. Tax Law, §§ 211, 214.)

The corporations involved in this discussion are domestic organizations, and so far as appears all their business is transacted in the State of New York. They are subject to a tax of three per cent upon " the entire net income " for the fiscal or calendar year involved in the assessment, " as returned to the United States Treasury Department, subject to any correction thereof for fraud, evasion or errors, ascertained by the State Tax Commission." The rule seems entirely simple. The presumption is that the " entire net income " returned by the corporation to the United States Treasury Department is the real net income of the corporation. If the corporation, in its return to the State, finds that it has erroneously stated any fact in its report to the United States it is privileged to state the amount claimed by it to be the net income, and the State Tax Commission is authorized to make corrections for " fraud, evasion or errors," so that the actual " entire net income " for the year involved shall be made to appear, and upon this basis the tax of three per cent is imposed for the privilege of exercising corporate franchises in this State.

In the cases now before us the State Tax Commissioners have followed the statute literally; they have taken the " entire net income " of the corporations involved, as returned to the United States Treasury Department, and upon such " entire net income " they have levied a tax of three per cent. There is no claim that there were any errors in the returns made to the United States Treasury Department, and no questions of fraud or evasion are involved. The relators contend, not that there is any thing wrong with their returns to the United States, but that in some manner the United States statutes operate to change the law as it appears from a literal reading, and that the so-called excess profits taxes assessed for and as of the year 1917 should be deducted from the incomes of these corporations before the computation of the State franchise tax is made, and that the income taxes paid to the Federal government during the year 1917 by the American Broom and Brush Company should be deducted

from its income before such computation by the State Tax Commission is made.

But, why? This is not an income tax; it is a franchise tax. It is a tax for the privilege of doing business in a corporate form in the State of New York, and the only relation of the Federal act to the statute of New York is the basis for the computation of the State tax. It provides for a three per cent tax upon the basis of the " entire net income " of the corporation as shown by its report to the United States government, unless such income is erroneously stated, when the actual " entire net income " as determined by the Tax Commission becomes the foundation of the assessment. This act was passed in its present form subsequent to the United States statute under which the " entire net income " was determined in the cases before us, and if there had been any intention of allowing the credits which are allowed under the Federal act for the purpose of determining the amount to be paid it would have been very easy to have made this fact manifest in the language used, and not left it to inferences not suggested by anything in the policy of the law. Under the Federal act* the income taxes are levied after making a deduction for the excess profits taxes assessed for the current year and to be paid in the following year; but the State statute is not concerned with the excess profits taxes; it bases its franchise tax upon the amount of the " entire net income " for the previous year, as returned to the United States Treasury Department, or as corrected in the manner provided for in the act, and this is not affected by the excess profits tax assessed for the year upon such profits. Excess profits are the income of the year on which the State taxes are based, and such income constitutes a part of the basis on which the " entire net income " is founded, and the fact that the United States permits a credit for such excess profits does not serve to change the actual income which is disclosed in the returns of the taxpayer. What is income for the year prior to the levying of the tax is the matter to be determined by the Tax Commission, and this is clearly not affected by what the Federal government allows in the way of deductions or credits in

* See 40 U. S. Stat. at Large, 337, chap. 63, § 1211, adding to 39 id. 777, chap. 463, § 29.— [REP.

fixing the amount of the tax which the corporation is to pay to the treasury of the United States.

The changes in the State statute, following the adoption of the Federal act, indicate no change in the policy of the State; no intention of modifying the provisions that there shall be a tax of three per cent upon the " entire net income," as shown by the taxpayer's return to the Federal government, with such corrections as shall be shown to be justified by reason of fraud, evasion or errors. To say that the errors here mentioned refer to errors of law, through a failure of the State Legislature to adjust itself to the credits and exemptions of the Federal act, is to give a strained construction to language, and one which is entirely out of harmony with the general structure of the act. The errors are those referred to in subdivision 2 of section 211, as amended, where " if the corporation shall claim that such return [to the Federal government] is inaccurate, the amount claimed by it to be the net income for such period " shall be given, and then it is made the duty of the Tax Commission to determine the true net income.

There is here no question of unequal or double taxation. The United States imposes an income tax upon a basis which seeks to arrive at the actual income, through reports submitted under oath by the taxpayer. The State of New York makes use of the net income thus established as the foundation for a franchise tax, and establishes machinery for determining what the actual " entire net income " is where for any reason the Federal report does not disclose the true amount. The only relation of the Federal act is in so far as it presumptively shows the " entire net income " of the corporation for the year involved, and the deductions or credits or exemptions which the Federal government provides in connection with the fixing of its income and excess profits taxes finds no place in our statute law, because it has no bearing upon the fact of " entire net income," which is the only fact which is important. Suppose, for instance, that the Legislature had merely provided for a three per cent franchise tax upon the " entire net income " of corporations, and had provided exactly the same system of ascertaining the fact of net income which is in use by the United States. Can any one suggest

that it would not have arrived at the same net income which is shown in the Federal reports for the same periods, or that the exemptions, deductions and credits allowed in the Federal act would have had any part in determining such " entire net income? " The net income of a corporation is, of course, the amount of its income after paying its expenses; its overhead, its interest on borrowed money, its labor and material costs, etc., and these, in the absence of statutory provisions, include moneys actually paid out for taxes. They do not, of course, include credits such as those allowed for excess profits, subsequently to be paid, nor have they anything to do with exemptions. The Federal statute has prescribed what shall constitute net income, and the State of New York has adopted that standard, giving to the Tax Commission merely the power to correct any errors which may have occurred in the making of such reports to the Federal government, and in the assessments here under consideration the State Tax Commission has followed the law and has levied the tax upon the returns of the " entire net income " made by the relators. The State franchise tax thus assessed bears equally upon every like corporation within the State of New York. It does not constitute a double franchise tax, though the National government makes use of the same foundation in levying an income tax. The two governments act independently, and levy different taxes, and we are unable to discover any of the evils which are charged against the assessments here under consideration.

It is difficult in advance to determine what the right to do business in an organized capacity for the coming year is worth. The fixing of a measure upon which the value of the right can be determined to quite an extent must be arbitrary — perhaps artificial. In no case under our law is the actual net income the basis of a franchise tax. Either capital employed, or the gross earnings, or the capital and dividends, the premiums received, the capital stock, surplus and undivided profits, or the surplus and undivided profits, is made the measure of the tax. In this case the Legislature measures the tax by the net income as defined by, and as reported under, the Federal act. The sole question is, what is the measure adopted, and the act itself leaves no doubt upon that question — the return of net income made.

The presumption found in section 209 of the Tax Law (*supra*) is not in our way. It is stated as a presumption, and if a particular case does not come within the presumption that would not destroy the plain intent and purpose of the act as otherwise declared. But the presumption comes true. Every taxable corporation is required to pay a tax upon its net income. In the case of a corporation not paying an excess profits tax the normal income tax is based solely upon net income returned. In the case of a corporation paying an excess profits tax that tax is based solely upon the net income returned. If we adopt the appellants' theory that the excess profits tax changes the net income, so far as the normal tax is concerned, it cannot change the result here because the appellants' excess profits tax was computed upon the return. The statute does not require that all the taxes paid must be based upon the net income, but it suggests a probability that the return is the basis of some tax required from the corporation.

The determination of the State Tax Commission should be confirmed, with costs.

Determinations of the State Tax Commission unanimously confirmed, with fifty dollars costs and disbursements in each case. LYON, J., not sitting.