PEOPLE ex rel. UNITED SHOE MACHINERY CORPORATION, Relator, *v.* JACOB A. CANTOR, JOSEPH F. O'GRADY, GEORGE HENRY PAYNE, JAMES P. SINNOTT, LEWIS M. SWAZEY, ARTHUR H. MURPHY and RICHARD WILLIAMS, Constituting the Board of Taxes and Assessments of the City of New York, Defendants.

PEOPLE ex rel. THE LINEN THREAD COMPANY, Relator, *v.* JACOB A. CANTOR, JOSEPH F. O'GRADY, GEORGE HENRY PAYNE, JAMES P. SINNOTT, LEWIS M. SWAZEY, ARTHUR H. MURPHY and RICHARD WILLIAMS, Constituting the Board of Taxes and Assessments of the City of New York, Defendants.

(Supreme Court, New York Special Term, July, 1920.)

Corporations — when foreign corporation exempt from local taxation on its personal property — taxes —Tax Law, art. 9-a, added by Laws of 1917, chap. 726.

> Where a foreign corporation having a place of business in this state has paid the corporation income tax for the year 1917, levied pursuant to article 9-a of the Tax Law, added by Laws of 1917, chapter 726, the corporation is exempt from local taxation on its personal property.

CERTIORARI proceedings.

Harris, Corwin, Moffat & Schek (John H. Corwin, of counsel), for relators.

John P. O'Brien, corporation counsel (William H. King and Max Salomon, of counsel), for defendant.

McAVOY, J.  Article 9-a of the Tax Law, commonly known as the Emerson Act, was enacted by the legislature in 1917, and levied a franchise tax on domestic

corporations and a tax for the privilege of doing business on foreign corporations who had a situs for the place of business within this state. The basis of the tax is the net income of the corporate enterprises, and reference is usually made to the tax imposed by this article as the corporation income tax. Its provisions laid a tax of three per cent on the taxable net income of a corporation. In 1919 the rate was increased to four and a half per cent. When this article took effect exemptions were granted to certain corporations affected thereby from personal property tax and from the tax levied by provisions of sections 12, 27, 182 and 192 of the Tax Law. In 1918 section 219-j of the Tax Law, which granted the exemptions proposed under the new scheme of taxation embodied in this Corporation Income Tax Act, was amended to read: " Section 219-j. Exemptions from certain other taxation. After this article takes effect, corporations taxable thereunder shall not be assessed on any personal property or capital stock, as provided for in section 12 of this chapter   *   *   *.'' The New York city board of taxes and assessments levied a tax against the personal property of the relators in October, 1919, for the taxable year of 1920, upon the theory that the exemption clause above quoted did not include any relief of foreign corporations, to which category both relators belong, from local personal tax assessments. Under the act of 1917 section 219-j of the Tax Law recited the exemptions of capital stock of corporations and personal property of these entities in separate clauses. In the act of 1918 section 219-j combined the clauses in one paragraph without any indication of an intent to change the policy upon which the exemptions theretofore granted had been allowed. The judicial history of the efforts to reach by taxation a proper contribution from both domestic and foreign corporations indicates

the reason for the use of the terms " capital stock "
and " personal property."  These terms have signifi-
cance because of the trend of the decisions of the
courts which prevented any tax upon foreign corpora-
tions laid *in personam,* and required a levy to go
against property of the corporation here *in rem.*  The
capital stock of domestic corporations has been as-
sessed for taxation for local purposes ever since 1827,
and without variance down to the enactment of article
9-a, 1917, the present system of taxing domestic cor-
porations thereon has been in vogue.  This preserva-
tion of nomenclature indicates a legislative intent to
provide exemption for both classes of corporate bodies,
domestic and foreign.  No limitation is placed upon
the word " corporation " in the exemption clause, and
the significance of the use of these peculiar terms will
utterly fail unless they were construed to extend to
the coverage in exemption of both foreign and domes-
tic corporations.  The policy lying within the enact-
ment of article 9-a of the Tax Law of 1917, and its
amendments in 1918, was to put these corporations
under the provisions of a franchise tax based upon
their net income in lieu of taxes on personal property,
etc., and in this regard to take them entirely out of the
jurisdiction of local assessors.  *People ex rel. Barcalo
Mfg. Co.* v. *Knapp,* 187 App. Div. 89; affd., 227 N. Y.
64.  The contention of the city of New York that the
punctuated exemption clause relates the words " per-
sonal property " to the phrase " as provided for in
section 12 of this chapter " does not seem to me to be
a basis for sound construction.  Section 12 of the Tax
Law makes no mention whatever of personal property.
Foreign corporations were hitherto taxable on their
personal property under section 7.  Domestic corpora-
tions, as has been pointed out, were taxable upon their
capital stock exclusively under section 12.  The mani-

fest lack of relativity between section 219-j and section 12 upon the subject of personal property as a basis for taxation is sufficient ground for the rejection of this theory of construction. The legislature of 1920, by the act entitled chapter 113 of the Laws of 1920, enacted a provision to amend the Tax Law " in relation to correcting a manifest error in the punctuation of section 219-j thereof," etc. The sole amendment is the change of the comma from after the words " capital stock " to the position after the words " personal property," so that as punctuation goes the relation of the words " as provided for in section 12 of this chapter " is confined wholly to the terms " capital stock." While this is merely persuasive of the legislative intent of the legislature of 1919 and is not conclusive upon the courts in construction, it bears out to the full the intention of the policy as announced in 1917 of exemption of both foreign and domestic corporations from local personal taxation by local assessors when such corporations were subjected to the provisions of the so-called Corporation Income Tax Act of that year. Motions to quash the writs of certiorari are denied; the writs will be sustained and the tax levied canceled.

Motion denied.